# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1239V
Filed: June 5, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SUZETTE MCLEOD, | |
| Petitioner, | Attorneys' Fees and Costs; |
| v. | Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Clifford Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA,* for petitioner.
*Kathryn Robinette, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 30, 2016, Suzette McLeod ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered injuries, including right shoulder pain caused by the trivalent influenza vaccination she received on November 20, 2015. Petition at 1, ¶¶ 2, 13. On February 28, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 21).

On April 5, 2017, petitioner filed a motion for attorneys' fees and costs, requesting attorneys' fees in the amount of $17,583.55, attorneys' costs in the amount

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of $230.97, and petitioner's out-of-pocket costs in the amount of $400 for a total amount of $18,214.52.  Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") at 1 (ECF No. 25).  As part of the motion, petitioner included supporting documentation such as time sheets and receipts.  *Id.* at 2-24.  On April 8, 2017, petitioner filed an amended motion for attorneys' fees and costs indicating, in accordance with General Order #9, petitioner had no out-of-pocket expenses "since the $400 filing fee was included in the compensation paid to petitioner." (ECF No. 26).  Thus, petitioner reduced the amount of attorneys' fees and costs sought to $17,814.52 in her amended motion.

On April 10, 2017, respondent filed a response.  (ECF No. 27).  In his response, respondent states "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent does state that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent further states that the "Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent." *Id.*  Thus, respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs in this case." *Id.* at 3.

On April 12, 2017, petitioner filed a reply.  Petitioner's Reply to Respondent's Response ("Pet. Reply") (ECF No. 28).  In her reply, petitioner argues that respondent "incorrectly assumes [he] has no part in Petitioner's request." *Id.* at 1.  Petitioner maintains that "Respondent has an important role in responding to motions for attorneys' fees and costs . . . [and] has a "responsibility to present evidence . . . to the Court" if he finds petitioner's request to be unreasonable. *Id.* at 1-2 (citations omitted).  She suggests "the Court may properly consider the fees and costs to be unopposed and grant them without further analysis" if respondent fails to present such evidence. *Id.* at 2.  Petitioner asserts that "Respondent's position has resulted in placing an extraordinary and unnecessary burden on the OSM." *Id.*  Finally, petitioner provides additional details regarding the work performed in this case and argues that the amount of attorneys' fees and costs sought are reasonable. *Id.* at 2-4.  For two hours of time spent reviewing respondent's response and preparing the reply, petitioner seeks an additional $892, billed at an hourly rate for petitioner's counsel of $446. *Id.* at 4.  Thus, petitioner increased the total amount of attorneys' fees and costs to $18,706.52.

Petitioner seeks attorneys' fees in the amount of $18,475.55 which reflects the following hourly rates:

    1) $430 for work performed in 2016 by Mr. Shoemaker;
    2) $446 for work performed in 2017 by Mr. Shoemaker;
    3) $415 for work performed in 2016 by Ms. Gentry;
    4) $430 for work performed in 2017 by Ms. Gentry;
    5) $363 and $365 for work performed in 2016 by Ms. Knickelbein; and

      6) $378 for work performed in 2017 by Ms. Knickelbein;

Pet. Motion at 5-11.  Petitioner states that work which is clerical in nature is performed by a full-time employee acting as office manager, law clerk, and secretary, Gretchen Shoemaker, and "is never billed for."  Pet. Replay at 3.

    The undersigned has previously awarded attorneys' fees based upon the same hourly rates requested in this case for work performed by these attorneys in 2016.  *See Knowles v. Sec'y of Health & Human Servs.*, No. 16-365V, 2016 WL 8377518 (Fed. Cl. Spec. Mstr. Nov. 21, 2016).  These rates are within the ranges set forth in the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016 which can be found on the court's website.[3]

    The undersigned finds that an increase in hourly rate is warranted for work performed by these attorneys in 2017 but calculates the 2017 rates for Mr. Shoemaker and Ms. Gentry using the increase in the Producer Price Index – Offices of Lawyers ("PPI-OL").[4]  Thus, the undersigned will award attorneys' fees based upon an hourly rate of $440 for work performed in 2017 by Mr. Shoemaker and an hourly rate of $424 for work performed in 2017 by Ms. Gentry.  The undersigned will award attorneys' fees based upon the requested hourly rate of $378 for work performed by Ms. Knickelbein in 2017.  The 2017 rate for Ms. Knickelbein is based upon the increase in PPI-OL and an additional increase to reflect Ms. Knickelbein's greater level of experience within her corresponding range.[5]

    The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Total Amount of Attorneys' Fees Sought | $18,475.55 |
| 4.5 Hours Reduced from an Hourly Rate of $446 to $440 | - $27.00 |
| 7.05 Hours Reduced from an Hourly Rate of $430 to $424 | <u>- $42.30</u> |
| **Total Amount of Attorneys' Fee Awarded** | **$18,406.25** |

---

[3] http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited on June 5, 2017).

[4] The increase in PPI-OL was recently used to calculate a new schedule for 2017 forum rates.  *See* Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2017 ("2017 Fee Schedule") at http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf (last visited on June 5, 2017).

[5] In *McCulloch*, the special master listed factors, to include an increase in general and vaccine related experience, which should be considered when determining an attorney's appropriate hourly rate.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Ms. Knickelbein's level of experience has increased to 16 years in 2017, placing her in the upper portion of her corresponding range of experience, 11-19 years.  *See* 2017 Fee Schedule.

  **Total Amount of Attorneys' Costs Awarded  $230.97**

  **Accordingly, the undersigned awards $<u>18,637.22</u>[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Clifford Shoemaker.**

  The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

                  <u>**s/Nora Beth Dorsey**</u>
                  Nora Beth Dorsey
                  Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.